Rafael CHODOS, Plaintiff—Appellant,

v.

WEST PUBLISHING COMPANY, INC., a Minnesota Corporation doing business in California, dba Bancroft–Whitney Company, Defendant—Appellee.

Rafael Chodos, Plaintiff—Appellee,

v.

West Publishing Company, Inc., a Minnesota Corporation doing business in California, dba Bancroft–Whitney Company, Defendant—Appellant.

Nos. 02–57116, 02–57178.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided March 2, 2004.

---

Hillel Chodos, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Randall E. Kay, Esq., Kathryn E. Karcher, Esq., Gray, Cary, Ware & Freidenrich, San Diego, CA, for Defendant–Appellee.

Before: BROWNING, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM *

In an earlier case, *Chodos v. West Publishing Co.*, 292 F.3d 992 (9th Cir.2002), this Court held that West Publishing Co. ("West") breached its contract with Rafael Chodos when it refused to publish his manuscript on the law of fiduciary duties and that Chodos was entitled to restitution.[1] Chodos now appeals a jury verdict awarding him $300,000. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

### I

Chodos's main claim in this appeal is that the district court's jury instruction on the proper method for measuring recovery in quantum meruit was erroneous under California law.[2] Jury instructions chal-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In this disposition, we use the terms "restitution" and "recovery in quantum meruit" interchangeably. *See Chodos*, 292 F.3d at 1001 n. 8.

2. It is not clear that Chodos properly objected to the jury instruction in the district court.

After reformulating the jury instruction at Chodos's request, the district court stated to Chodos "you would not be appealing based upon the language in the jury instruction that you're asking me to reinsert on the open market." Chodos replied: "No, your Honor." Nevertheless, we assume without deciding that Chodos properly objected to the "open market" instruction.

lenged as misstatements of the law are reviewed de novo. *Kennedy v. S. Cal. Edison Co.*, 268 F.3d 763, 767 (9th Cir. 2001). Jurisdiction is based on diversity and substantive issues are governed by California law. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 959 (9th Cir.2001).

In California, "[t]he measure of recovery in quantum meruit is the reasonable value of the services rendered, provided they were of direct benefit to the defendant." *Palmer v. Gregg*, 65 Cal.2d 657, 660, 56 Cal.Rptr. 97, 422 P.2d 985 (1967); *Maglica v. Maglica*, 66 Cal.App.4th 442, 449, 78 Cal.Rptr.2d 101 (1998). California courts have adopted a subsidiary definition of the reasonable value of a plaintiff's services: the amount that it would have cost the defendant to obtain the services from another person. *See Maglica*, 66 Cal. App.4th at 452, 78 Cal.Rptr.2d 101 (upholding jury instruction based on this definition); *see also* Restatement (Second) of Contracts § 371 (1979). Alternatively, California courts have formulated this measure as the amount the defendant would have had to pay on the "open market" to obtain the same services, or the "comparable charge" for such services. *See Maglica*, 66 Cal.App.4th at 450–51, 78 Cal.Rptr.2d 101; *Gray v. Whitmore*, 17 Cal.App.3d 1, 24–25, 94 Cal.Rptr. 904 (1971); *see also* Restatement (Second) of Contracts § 371, cmt. a. California trial courts are afforded broad discretion in allowing evidence on the reasonable value of a plaintiff's services. *See Valentine v. Read*, 50 Cal.App.4th 787, 795, 57 Cal. Rptr.2d 836 (1996); *Watson v. Wood Dimension, Inc.*, 209 Cal.App.3d 1359, 1365–66, 257 Cal.Rptr. 816 (1989).

Chodos objects to the jury instruction that provided: "[i]n assessing the reasonable value of plaintiff's time and effort, you may evaluate what he would have been paid if the parties had bargained for plaintiff's services in the open market." As discussed above, however, this instruction comports with California law.

Chodos further argues that his recovery in quantum meruit must be measured by the value to him of the time and effort he reasonably invested in preparing the manuscript, which he contends is the amount he could have earned in legal fees as a practitioner over the two years he devoted to writing his manuscript. However, the case upon which Chodos relies, *Earhart v. William Low Co.*, 25 Cal.3d 503, 158 Cal.Rptr. 887, 600 P.2d 1344 (1979), "merely held ... that where the defendant urged the plaintiff to render services to a third party the plaintiff could still be compensated in quantum meruit for those services." *Maglica*, 66 Cal.App.4th at 451, 78 Cal.Rptr.2d 101. *Earhart* did not address the proper measure of compensation for those who have made out a valid claim for recovery in quantum meruit. Chodos has pointed to no California precedent measuring recovery in quantum meruit by the plaintiff's lost business opportunities.[3] The district court properly allowed Chodos to present evidence of his lost business opportunities to the jury, since such evidence was relevant to a determination of what Chodos would have received if the parties had negotiated a lump sum payment for the services rendered. However, the trial judge was also correct in rejecting Chodos's proposed jury instruction, which would have re-

---

**3.** Lost business opportunities are normally categorized as a form of reliance damages under California law. *See, e.g., Vestar Dev.*, 249 F.3d at 962; *Copeland v. Baskin Robbins U.S.A.*, 96 Cal.App.4th 1251, 1262–63, 117 Cal.Rptr.2d 875 (2002). However, Chodos abandoned recovery of contract damages when he elected to plead recovery in quantum meruit.

quired the jury to equate restitution with Chodos's lost business opportunities.

Chodos argues the "open market" jury instruction was erroneous because there is no actual market for the legal authorship services of practicing lawyers. Chodos cites no precedent to support his proposition that the existence of an actual, identical market for the services in question must be established through competent evidence before the jury is allowed to evaluate the reasonable value of the plaintiff's services under an open market theory. California courts have given juries discretion to choose among several possible markets in evaluating the reasonable value of the services. *See Valentine*, 50 Cal. App.4th at 795, 57 Cal.Rptr.2d 836. California fact finders are often called upon to construct hypothetical markets in order to measure damages. *See, e.g., Mart v. Severson*, 95 Cal.App.4th 521, 531, 115 Cal. Rptr.2d 717 (2002) (valuation of closely held corporation requires construction of hypothetical market).

■ It was within the competence of the jury to determine the value of Chodos's services based on West's testimony on the hourly or per unit compensation that West would have offered to have the treatise written and Chodos's testimony on what a practicing attorney would have accepted to produce the treatise. The district court's "open market" jury instruction, which gave the jury discretion to do so, was not in error.

## II

Chodos also claims that the district court's comments following his closing argument improperly and prejudicially skewed the jury in favor of West's open market theory and away from his own lost business opportunity theory of recovery. We review for abuse of discretion the district court's control over counsel's closing argument and its formulation of jury instructions. *Larez v. Holcomb*, 16 F.3d 1513, 1520–21 (9th Cir.1994).

■ In his closing argument, Chodos's counsel stated that the district court had included the "open market" instruction only because West had proposed it and that West had "concocted" the theory. The district court was well within its authority to clarify to the jury that the open market instruction was included because it comports with California law, and not because West had invented and proposed the theory. The district court's comments were not an abuse of discretion.

## III

Finally, Chodos claims that the jury verdict of $300,000 was not supported by substantial evidence. The jury considered evidence on the expected value of the contract at its inception, supplemented by Chodos's and West's conflicting testimony as to the compensation that West would have offered to pay and a practicing attorney like Chodos would have accepted to produce the treatise. The jury's estimation of the reasonable value of Chodos's services based on the extensive testimony presented was within its discretion.

Because West's claims on cross-appeal are conditioned on a reversal of the jury verdict, we do not address them.

**AFFIRMED.**